NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL FARAH, | No.    18-15986 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01127-MMC |
| v. | |
| WELLS FARGO HOME MORTGAGE, INC.; U.S. BANK, N.A., as trustee for Bear Stearns Arm Trust, Mortgage Pass-through Certificates Series 2005-10, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted June 11, 2019[**]

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

Paul Farah appeals pro se from the district court's summary judgment in his

diversity action alleging fraud related to the foreclosure of his home.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Del. Valley Surgical*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Supply Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1119 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Farah's fraud claim arising out of Wells Fargo Bank, N.A.'s initial denial of his short sale application because Farah failed to raise a genuine dispute of material fact as to whether Wells Fargo concealed from him that his application was denied where the denial had been communicated to his agent. *See Santillan v. Roman Catholic Bishop of Fresno*, 77 Cal. Rptr. 3d 343, 348 (Ct. App. 2008) (where "agent was under a duty to disclose certain information, the principal is bound by the agent's knowledge of that information whether or not the agent communicated it to the principal"); *LiMandri v. Judkins*, 60 Cal. Rptr. 2d 539, 543 (Ct. App. 1997) (setting forth circumstances in which nondisclosure constitutes actionable fraud).

The district court properly granted summary judgment on Farah's fraud claim arising out of communications with Wells Fargo on May 31, 2012 because Farah failed to raise a genuine dispute of material fact as to whether he suffered any damages as a result of the misrepresentations on that date. *See Patrick v. Alacer Corp.*, 84 Cal. Rptr. 3d 642, 662 (Ct. App. 2008), *as modified on denial of reh'g* (Nov. 21, 2008) ("In an action for [common law] fraud, damage is an essential element of the cause of action." (citation omitted)).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**